IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH MAYS,

    Plaintiff,

v.                                                                               Case No. 24-cv-0460-MV-GBW

ALISHA TAFOYA, *et al*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

        This matter is before the Court on Plaintiff Joseph Mays' Amended Prisoner Civil Rights Complaint (Doc. 2) (Complaint). Plaintiff was previously incarcerated and is proceeding *pro se*. He challenges his conditions of confinement under 42 U.S.C. § 1983. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will dismiss the Complaint but grant leave to amend.

**I.**    **Background**[1]

        This case arises from Plaintiff's incarceration at the Guadalupe County Correctional Facility ("GCCF") in Santa Rosa, New Mexico. During his time at GCCF, prison officials housed him alongside prisoners with all classification levels (*i.e.*, Classification Level 1 through Classification Level 6). *See* Doc. 2 at 3. Such arrangement allegedly forced Plaintiff to interact "with murderers and rapists." *Id.* GCCF officials also placed Plaintiff in a two-person cell, while his prior facility housed him in his own cell. *Id.* Plaintiff alleges that his mental health deteriorated after arriving at GCCF and that the facility did not adequately treat those symptoms. *Id.* at 5.

---

[1] The background facts are taken from the allegations in the Amended Complaint (Doc. 2), which the Court accepts as true for the purpose of this ruling.

The Complaint also addresses the revocation of Plaintiff's state probation. *See* Doc. 2 at 5. Plaintiff alleges the New Mexico Probation and Parole Board (the "Parole Board") improperly revoked his probation and will not permit inmates to accrue good time credits. *Id.* Plaintiff further alleges that his incarceration constitutes involuntary servitude and "modern day slavery." *Id.*

Construed liberally, the Complaint raises 42 U.S.C. § 1983 claims for deliberate indifference to health/safety under the Eighth Amendment and violations of the Due Process Clause. *See* Doc. 2 at 3. The Complaint also references the "Montoya Act" and unspecified state law. *Id.* at 3, 5. Plaintiff seeks at least $500,000 in damages from four Defendants: (1) Alisha Tafoya, Director of the New Mexico Corrections Department; (2) the Parole Board; (3) GCCF Warden Wilkens; and (4) GCCF Unit Manager I. Jacobo. *See* Doc. 2 at 2-3. Plaintiff obtained leave to proceed *in forma pauperis* and paid the initial partial filing fee. *See* Docs. 8, 9. The matter is therefore ready for initial review under 28 U.S.C. § 1915(e).

II.   **Standards Governing Initial Review**

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints. The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* Moreover, if a *pro se* inmate complaint fails to state a claim on initial screening, courts should generally grant leave to amend unless amendment would be futile. *Id.*

### III.    Discussion

Plaintiff's federal claims are analyzed under 42 U.S.C. § 1983, which is the "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Applying these standards, the Complaint does not state a cognizable claim. The caption of the Complaint lists four Defendants, but the allegations do not otherwise connect Defendants to any alleged wrongdoing. *See Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013) ("collective allegations" regarding the alleged wrongdoing do not state a viable § 1983 claim, nor

3

do "active-voice yet undifferentiated contention that 'defendants' infringed [plaintiff's] rights"). To the extent that Plaintiff sues Defendants under a theory of vicarious liability, such relief is not available in § 1983 suits. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("vicarious liability is inapplicable to Bivens and § 1983 suits"). A supervisory defendant who is not directly involved the alleged wrongdoing can only be liable under § 1983 where the plaintiff shows: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011). There are no facts showing any Defendant promulgated a policy/custom that caused a constitutional violation. The claims against each Defendant are therefore subject to dismissal under Rule 12(b)(6) and 28 U.S.C. § 1915(e).

Alternatively, even if the allegations connected each Defendant to the wrongdoing, the Complaint fails to demonstrate a violation of the Due Process Clause or the Eighth Amendment. As to the due process claim, the Supreme Court has held that "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221–22 (2005). *See also Schell v. Evans*, 550 F. App'x 553, 557 (10th Cir. 2013) (Plaintiff does not have a constitutional right to dictate where he is housed or his classification within a facility). Moreover, "changing an inmate's prison classification ... ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison." *Sawyer v. Jefferies*, 315 F. App'x 31, 34 (10th Cir. 2008) (citations omitted). Plaintiff has not alleged that GCCF's mixed classification system imposed any atypical and significant hardship in relation to the ordinary incidents of prison life. *See Wilkinson v. Austin*, 545 U.S. at 22-24 (finding

4

atypical and significant hardship in transfer to supermax facility where all human contact prohibited, conversation not permitted, lights on 24-hours-a-day, exercise allowed for only one hour per day in small indoor room, indefinite placement with annual review, and disqualification of otherwise eligible inmate for parole consideration). The Complaint therefore fails to raise a due process claim in connection with the mixed classification system at GCCF.

Construed liberally, the Complaint also appears to allege that the mixed classification system violates the Eighth Amendment. To establish an Eighth Amendment violation, the allegations must show: "(1) the conditions of [Plaintiff's] incarceration present an objective substantial risk of serious harm' and (2) 'prison officials had subjective knowledge of the risk of harm." *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (quotations omitted). Prison conditions are objectively serious when they threaten the inmate's safety or "lead to deprivations of essential food, medical care, ... [or] sanitation." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). The Complaint does not contain facts explaining why GCCF's mixed-classification system presents a serious risk of harm. To the extent that Plaintiff intends to argue that the system presents a substantial risk of attack by other inmates, he should include those details in his amended complaint. *Hovater v. Robinson,* 1 F.3d 1063, 1068 (10th Cir. 1993) (addressing the objective component of the Eighth Amendment test and noting that "an inmate has a constitutional right to be secure in [his or] her bodily integrity and free from attack").

As to the placement of two inmates in a cell, the Supreme Court has held that "[t]he double celling made necessary by the unanticipated increase in prison population" does not automatically violate the Eighth Amendment. *Rhodes*, 452 U.S. at 348. A § 1983 plaintiff must allege facts showing some adverse effects from the "double celling" arrangement. *See Dittmeyer v. Whetsel*,

91 F. App'x 111, 119 (10th Cir. 2004) (finding no violation where plaintiff did not show how overcrowding injured him).  Because the Complaint here only alleges that Plaintiff was forced to live with a cellmate, he has not met the objective component of the deliberate indifference test as to the double-celling arrangement.  Finally, to the extent that Plaintiff alleges that prison officials provided insufficient medical treatment, such information is too general to survive initial review. *See Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (a plaintiff can satisfy the objective prong of the Eighth Amendment test by describing the medical issue and showing that his "medical need … has been diagnosed by a physician as mandating treatment or … is so obvious that even a lay person would easily recognize the necessity for a doctor's attention").  The Court therefore finds that the alleged facts fail to meet the objective prong of the Eighth Amendment test.

The subjective prong of the Eighth Amendment test "requires the plaintiff to present evidence of the prison official's culpable state of mind." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005).  Specifically, the subjective component is met if the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Notably, "[d]eliberate indifference does not require a finding of express intent to harm." *Mitchell v. Maynard*, 80 F.3d 1433, 1442 (10th Cir. 1996).  A plaintiff "need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842.  The Complaint does not satisfy the subjective prong because, as noted above, there are no facts connecting each Defendant to the alleged wrongdoing or otherwise showing that they knew of any

6

risk of harm.

For the foregoing reasons, the Complaint fails to state a § 1983 claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6).  *Pro se* prisoners are ordinarily given an opportunity to "remedy defects potentially attributable to their ignorance of federal law."  *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990).  The Court will therefore dismiss the Complaint without prejudice and allow Plaintiff to file a single, amended complaint within seventy-five (75) of entry of this ruling.  The amendment must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008).  Plaintiff should use the above pleading standards when completing his draft.  The amendment should also include all federal and state claims that Plaintiff wishes to raise in this proceeding.  The Court will analyze whether the amendment states a federal § 1983 claim before determining whether to exercise supplemental jurisdiction over any state law claims.  *See Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

Plaintiff is also reminded that he cannot challenge the state revocation order in this civil rights proceeding.  Plaintiff must file a habeas corpus petition, if he seeks to challenge the constitutionality of the revocation order.  *See Leatherwood v. Allbaugh,* 861 F.3d 1034, 1041 (10th Cir. 2017) (a habeas petition is the proper vehicle for "[a] state prisoner's challenge to the revocation of a suspended sentence"); *Hamilton v. Bird*, 650 F. App'x 585, 588 (10th Cir. 2016) (an inmate generally "may not pursue civil rights and habeas claims in the same action").  If Plaintiff fails to timely amend or files another pleading that fails to state a cognizable § 1983 claim,

the Court may dismiss this case without further notice.

**IT IS ORDERED** that Plaintiff's Amended Prisoner Civil Rights Complaint (**Doc. 2**) is **DISMISSED without prejudice**; and Plaintiff may file an amended complaint **within seventy-five (75) days** of entry of this Order.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE